IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


IDYLWILDE, INC. an Oregon corporation,
and ZACH MERTENS, an Oregon resident                    No. 3:13-cv-02009-HZ

              Plaintiffs,

                                            OPINION & ORDER

    v.

UMPQUA FEATHER MERCHANTS, LLC,
a Colorado company, MIRABEL, INC., a
Philippines corporations, BIEN TAN, a
Philippines resident, and DOES 1 through 10,
Inclusive,

              Defendants.


Katherine R. Heekin
Heekin Medeiros P.C.
808 SW Third Avenue, Suite 540
Portland, OR 97204

        Attorney for Plaintiff

Michael M. Ratoza
Laura Caldera Taylor
Bullivant Houser Baily PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97201

        Attorneys for Defendant Umpqua Feather
        Merchants, LLC


OPINION & ORDER - 1

HERNÁNDEZ, District Judge:

Plaintiffs Idylwilde, LLC and Zach Mertens (collectively "Idylwilde") bring this action against Defendants Umpqua Feather Merchants, LLC ("Umpqua"), Mirabel, Inc., and Bien Tan alleging, among others, trademark infringement, misappropriation of trade secrets, intentional interference with prospective economic advantage, and unjust enrichment. Idylwilde now seeks leave to file its first amended complaint. Defendant Umpqua opposes the motion, but fails to demonstrate it would be prejudiced by an amended complaint, and fails to otherwise show why the court should not give leave, especially given the presumption in favor allowing amendment. Accordingly, Idylwilde's motion is granted.

## BACKGROUND

Idylwilde and Umpqua are competing fly manufacturers serving the global fly fishing industry. This case arises out of a failed joint venture between Idylwilde and Bien Tan, a Philippines national who owns Mirabel, Inc., a Philippines corporation created to manage the factory where Idylwilde flies were manufactured. Sometime in 2013, the relationship between Idylwilde and Defendants Tan and Mirabel (collectively "Mirabel") deteriorated. Idylwilde claims it paid for raw materials and labor for pre-order flies in early 2013, but Mirabel refused to ship the flies on the expected ship date, April 17, 2013. The parties exchanged correspondence over the subsequent months to no avail, and the flies remained unshipped. Idylwilde then sought alternative manufacturing in Sri Lanka and received its first shipment from Sri Lanka in September of 2013. Meanwhile, Idylwilde alleges, Umpqua and Mirabel had been in talks since July of 2013 about Umpqua purchasing Idylwilde's unshipped flies, and in September, Idylwilde confirmed that Umpqua had in fact bought Idylwilde's 2013 pre-season inventory from Mirabel.

Idylwilde filed its complaint in November of 2013 and brought claims against Umpqua, Mirabel, Bien Tan, and several Does, alleging they unlawfully used Idylwilde's unique fly designs, confidential customer information, trademarks, trade secrets, and distinctive packaging. The court denied Idylwilde's motion for a preliminary injunction in January of 2014, and the parties began discovery shortly thereafter. At the Rule 16 Conference on April 8, 2014, the court set various deadlines, including that all discovery should be completed by October 31, 2014.

Idylwilde now seeks leave to amend its complaint based on new information learned during discovery and while seeking an injunction. It hopes to add new individual defendants Jeff Fryover, Daniel Eisenmenger, and Bruce Olson, all Colorado residents, and Does One through Seven. The three proposed individual defendants are all officers of Umpqua. Idylwilde also seeks to add a cause of action for defamation against Fryhover and Olson individually, and to drop its claim for unfair competition.

## STANDARDS

Federal Rule of Civil Procedure ("Rule") 15(a) states that the court should "freely give leave" to amend the complaint "when justice so requires." FED. R. CIV. P. 15(a). Whether to grant or deny leave to amend is within the court's discretion. Pisciotta v. Teledyne Indus., Inc., 91 F.3d 1326, 1331 (9th Cir. 1996). That discretion is guided, however, by the "underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2003) (citation omitted). Accordingly, the policy favoring amendment should be applied with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted).

Five factors weigh on the propriety of a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether

the plaintiff has previously amended its complaint. <u>Nunes</u>, 375 F.3d at 808 (citation omitted). Prejudice to the opposing party is the "touchstone" of the Rule 15(a) inquiry, and carries the greatest weight. <u>Eminence Capital, LLC</u>, 316 F.3d at 1052 (citation omitted).  Absent prejudice or a strong showing on any of the other factors, there is a presumption under Rule 15(a) in favor of granting leave to amend. <u>Id.</u>

## DISCUSSION

Idylwilde argues that its proposed amendments to the complaint are based on new facts discovered through seeking a preliminary injunction and conducting limited discovery. Pl. Memorandum in Support of Motion for Leave to Amend. ("Pl. Memo.") at 2. Umpqua does not allege it would be prejudiced by the proposed amended complaint, and fails to make a strong showing on any of the other four relevant factors. Therefore, the court grants Idylwilde's motion seeking leave to file an amended complaint.

Umpqua's primary objections are based on timeliness. Umpqua argues that Idylwilde should have sought to add new parties and claims according to the discovery and pretrial schedule set when the complaint was filed and served in November of 2013 [dkt. #6]. The question of "undue delay" is not resolved, however, by asking whether a motion for leave to amend was filed within the time allotted by a scheduling order. <u>AmerisourceBergen Corp. v. Dialysist West, Inc.</u>, 465 F.3d 946, 953 (9th Cir. 2006) (quoting <u>Jackson v. Bank of Hawaii</u>, 902 F.2d 1385, 1388 (9th Cir. 1990)). Rather, the court asks "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." <u>Id.</u> Umpqua argues that Idylwilde had information that might have supported naming the new defendants and bringing its defamation claims earlier. Def. Response 3–4. Idylwilde responds that the extent of the individual defendants' involvement in the case was unclear at the time of

filing, and a recently-uncovered anonymous email with five attached documents exposed "an improper and personal level of individual interference" by Fryhover and Eisenmenger. Pl. Reply at 3–4. This new information about the extent of the proposed defendants' personal involvement is sufficient to show that Idylwilde did not unduly delay in seeking to add them as parties. Further, an amendment to the pleadings is reasonable at this time given that discovery in this case did not start until mid-April of 2014.

Umpqua also argues that the proposed new individual defendants, Jeff Fryhover, Daniel Eisenmenger, and Bruce Olson, will likely bring jurisdictional challenges to claims against them, and the resulting motions practice will add "additional delays" to the case. Def. Response at 3. That argument is unavailing. Any jurisdictional defenses that individuals not yet parties to this action might raise are purely speculative and have no bearing on the propriety of the motion for leave to amend. Furthermore, Umpqua does not allege the addition of the proposed defendants would prejudice them beyond mere delay, and delay alone is insufficient to justify denial of leave to amend. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

To the extent Umpqua impliedly argues that the proposed amended complaint is futile, those arguments are unconvincing. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). Umpqua argues the new individuals defendants are entitled to immunity under Oregon law for acts committed within the scope of their employment with Umpqua. Def. Response at 4. Whether an employee acted within the scope of employment is a question of fact that cannot be determined at this stage of the proceedings. See McGanty v. Staudenraus, 321 Or. 532, 539 n.3 (1995) ("Normally, whether a party has acted within the scope of employment is a question of

fact . . . .); <u>Heide v. T.C.I.</u>, 264 Or. 535, 540 (1973) (explaining that each case regarding scope of employment must be decided on its own particular facts). Umpqua also asserts that leave to amend should be denied because the proposed amended complaint generally lacks factual support. Def. Response at 4–5. Umpqua's argument may cast doubt on whether the new claims will eventually succeed on the merits, but the futility inquiry requires much more: the opposing party must show that "no set of facts" could support a valid claim. <u>Miller</u>, 845 F.2d at 214. The proposed claims are at least legally plausible and further discovery might lead to additional evidence. Therefore, the proposed amended complaint is not futile.

Although "the consideration of prejudice to the opposing party . . . carries the greatest weight," <u>Eminence Capital, LLC</u>, 316 F.3d at 1052, Umpqua does not explicitly challenge the proposed amended complaint on that basis. And even if the court construes Umpqua's arguments regarding the potential delay in proceedings as indicative of prejudice, none of the alleged delays are significant enough to overcome the presumption in favor of leave to amend. A need to reopen discovery, or the late addition of claims or parties are indicators of prejudice. <u>See, e.g.</u>, <u>Zivkovic v. S. Cal. Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming district court's denial of motion to amend pleadings filed five days before close of discovery). Discovery in this case has only just begun, and Idylwilde's request for leave to amend does not include an extension of the existing discovery deadline more than four months from now. The proposed defendants are officers of Umpqua and are individually familiar with this case and the issues, and trial is almost a year away. Those facts do not suggest prejudice.

Finally, nothing in the record suggests Idylwilde seeks leave to amend in bad faith, and Umpqua does not advance any argument to the contrary. The court also notes this is Idylwilde's

first attempt to file an amended complaint. Both factors weigh in favor of granting leave to amend.

Since Umpqua has not met its burden on any of the factors relevant to Rule 15(a), Idylwilde's motion for leave to file an amended complaint is granted.

CONCLUSION

For the reasons stated, Idylwilde's motion for leave to file an amended complaint [124] is granted. Idylwilde shall file an amended complaint within 30 days of the date below.

IT IS SO ORDERED.

Dated this _____ day of June, 2014.

MARCO A. HERNÁNDEZ
United States District Judge